IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IVAN SOLIS, | § | |
|      *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:20-cv-00294 |
| WELLS FARGO BANK, N.A. AS | § | |
| MORTGAGE SERVICER FOR WELLS | § | |
| FARGO BANK, N.A. AND W.A. MARTY | § | |
| LACOUTURE AS SUBSTITUTE | § | |
| TRUSTEE, | § | |
|      *Defendants.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes this action from the 285th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for removal state as follows:

## I.    STATE COURT ACTION

1.    On March 2, 2020, Plaintiff Ivan Solis ("Plaintiff") filed his Original Petition (the "Complaint") in the 57th Judicial District Court of Bexar County, Texas, styled *Ivan Solis v. Wells Fargo Bank, N.A. as Mortgage Servicer for Wells Fargo Bank, N.A. and W.A. Marty LaCouture as Substitute Trustee*, Cause No. 2020-CI-04346 (the "State Court Action").

2.    Plaintiff asserts claims relating to the real property located at 9027 Timber Laurel, San Antonio, Texas 78250 (the "Property").  *See* Compl. ¶¶ 1, 5-9.  Plaintiff alleges "there are impediments to the sale and account" of Plaintiff's mortgage loan (the "Loan") that should prevent foreclosure of the Property.  *Id.* at ¶ 5.  Plaintiff further alleges that he has not received notice "for curing any delinquency or acceleration" of the Loan and has not received "a payoff with a list of payments."  *Id.*  On the basis of these allegations, Plaintiff asserts a breach of

contract claim and seeks injunctive relief preventing foreclosure.  *See id.* at ¶¶ 5-9.  Plaintiff obtained an ex parte temporary restraining order on March 2, 2009 preventing foreclosure of the Property.  **Ex. A**.

3.      With this Notice of Removal, Wells Fargo removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.      PROCEDURAL REQUIREMENTS

4.      This action is properly removed to this Court because the State Court Action is pending within this district and division.  28 U.S.C. §§ 124(d)(4), 1441, 1446(a).

5.      This removal is timely because it is being filed within thirty days of Wells Fargo being served or otherwise making an appearance in the State Court Action.  28 U.S.C. § 1446(b).

6.      Upon information and believe, no defendants have been served in this lawsuit. *See* **Ex. A**.  Furthermore, Substitute Trustee W.A. Marty LaCoutre (hereinafter "Substitute Trustee") has been improperly joined.  *See infra* Part III.B.  Consequently, his consent to removal is not required.  *Getty Oil Corp. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1261 n. 9 (5th Cir. 1988) (an acknowledgment of consent is not required of a defendant who is fraudulently joined, or not properly joined and served).

7.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

8.      Pursuant to 28 U.S.C. § 1446(d), Wells Fargo is simultaneously with the filing of this Notice of Removal (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 57th Judicial District Court of Bexar County, Texas.  A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

---

[1] Wells Fargo has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

2

### III.   DIVERSITY OF CITIZENSHIP

9.     The Court has diversity jurisdiction in this matter.  Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court.  28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Wells Fargo.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  As shown below, the amount in controversy requirement is also satisfied.

**A.     Diversity of citizenship exists between Plaintiff and Wells Fargo.**

10.     On information and belief, Plaintiff is an individual residing in San Antonio, Texas.  *See* Compl. ¶ 1.  Therefore, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.  *Palmaz Scientific, Inc. v. Harriman*, No. SA-15-CA-734-FB, 2015 WL 13298400, at *7 (W.D. Tex. Oct. 7, 2015) (holding that a natural person's citizenship is determined by their domicile) (quoting *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974)).

11.     Wells Fargo is a national banking association pursuant to federal law.  The citizenship of Wells Fargo is determined solely by the location of its main offices, as designated in its articles of association.  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  Wells Fargo's main office is located in South Dakota.  Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.  *See* 28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 318.

11.     Because Plaintiff is a citizen of Texas and Wells Fargo is a citizen of South Dakota, there is complete diversity among the parties.  *See* 28 U.S.C. § 1332(c)(1).

**B.     Substitute Trustee has been improperly joined.**

12.     Although Substitute Trustee may be a citizen of Texas, his citizenship should be disregarded for diversity purposes because Plaintiff improperly joined Substitute Trustees to this

lawsuit.  *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).   A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant under state law.  *Larroquette*, 466 F.3d at 376.  This requires the Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Id.*  A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.  *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

13.      Whether the plaintiff has alleged a valid cause of action "depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  A plaintiff must at least state "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant.  *See id.* at 699.   "A mere formulaic recitation of the elements of a cause of action asserted against a non-diverse defendant is not sufficient under this standard."  *Felder v. Countrywide Home Loans*, No. CIV.A. H-13-0282, 2013 WL 6805843, at *4 (S.D. Tex. Dec. 20, 2013).

14.      In relation to claims against a substitute trustee, the Fifth Circuit has expressly held that substitute trustees generally sued for actions taken to assist their clients with foreclosure proceedings are improperly joined because they enjoy immunity for actions undertaken in the scope of their representation of their clients.  *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014); *Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365-66 (5th Cir. 2014); *see also Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *3 (N.D. Tex. Jul. 12, 2010) (finding that plaintiff could not recover for breach of contract against improperly joined substitute trustee). This is because the Texas Property Code expressly states

that a substitute trustee is not a necessary party to a lawsuit arising from foreclosure proceedings asserting claims against the substitute trustee only in their capacity as a substitute trustee. TEX. PROP. CODE § 51.007(a); *Wamco XXVII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F. Supp. 2d 655, 657–58 (N.D. Tex. 2004) (dismissing defendant named solely in his capacity as substitute trustee pursuant to Section 51.007 upon finding there was no "reasonable possibility" of recovery against him under state law).

15.     Further, courts have generally held that Section 51.007(f) of the Texas Property Code imposes a substantive pleading requirement on a plaintiff seeking to recover against a substitute trustee. *See, e.g.*, *Felder*, 2013 WL 6805843, at *5. A plaintiff seeking to hold a substitute trustee liable must at least allege facts that suggest that a substitute trustee acted in bad faith. *Id.* (determining that a substitute trustee was improperly joined when the petition did "not reveal any factual allegations that would suggest bad faith on the part of [the substitute trustee]").

16.     Here, the Complaint contains no allegations of fact regarding Substitute Trustee whatsoever, let alone allegations of wrongdoing. *See generally* Compl. Plaintiff's barebones allegations pertain only to Wells Fargo. *See id.* at ¶ 5. Consequently, Plaintiff does not even raise the "theoretical possibility" that any cause of action could be maintained against Substitute Trustee. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n.8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the non-diverse defendant); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 611-12 (N.D. Tex. 2009) (denying remand and disregarding the citizenship of the defendant trustee upon a finding that no reasonable basis existed for plaintiff's recovery against the trustee).

17.     In light of the foregoing, no reasonable basis exists for Plaintiff's recovery against Substitute Trustee in this matter.  Therefore, Substitute Trustees has been improperly joined, and his citizenship should be disregarded for removal purposes.  Accordingly, this case is properly in federal court.  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (holding that where non-diverse defendant is improperly joined, case is properly in federal court).

18.     Because Plaintiff is a citizen of Texas and Wells Fargo is a citizen of South Dakota, there is complete diversity among the parties.  *See* 28 U.S.C. § 1332(c)(1).

**C.     The amount in controversy element is also satisfied.**

19.     The amount-in-controversy element is also satisfied.  Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum].").  The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000.  *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.  "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).  To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees.  *White*, 319 F.3d at 675–76.

82580208v.1 0105492/00740

20.     In this case, Plaintiff seeks injunctive relief preventing Wells Fargo from foreclosing on the Property.  *See* Compl. ¶¶ 5-9.  The amount in controversy in an action for injunctive or declaratory relief can also be characterized as "the value of the right to be protected or the extent of the injury to be prevented."  *See Greenberg*, 134 F.3d at 1252-53.  When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes.  *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *see Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property").  Further, the Fifth Circuit has held that where a plaintiff seeks injunctive and declaratory relief relating to the ability to enforce a deed of trust, the "value of that property represents the amount in controversy" for purposes of diversity jurisdiction.  *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 342-43 (5th Cir. 2013).

21.     Because Plaintiff is seeking injunctive relief and the right to property is at issue, the amount in controversy is determined by the value of the Property.  *See Knox*, 351 Fed. App'x at 848; *Garza v. CitiMortgage, Inc.*, No. 5:19-cv-00816, 2019 WL 6048001, at *1 (W.D. Tex. Aug. 29, 2019) (holding that documentation showing the tax assessed value of the property at issue was sufficient to establish the amount in controversy).  According to the Bexar Appraisal District, the current value of the Property is $240,330.  A true and correct copy of the Bexar

Appraisal District property information is attached hereto as **Exhibit C**.[2]  Thus, the value of the Property alone satisfies the amount in controversy requirement.

22.     Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## IV.   PRAYER

WHEREFORE, Defendant Wells Fargo Bank, N.A. removes this action from the 57th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Wells Fargo respectfully requests that the Court take judicial notice of the Bexar Appraisal District tax record for the Property.  Wells Fargo does not contend that this particular appraisal constitutes the most accurate valuation of the Property.  Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

82580208v.1 0105492/00740

Respectfully submitted,

LOCKE LORD LLP

By: _____

**B. David L. Foster**
Texas Bar No. 24031555
**Joel Thomason**
Texas Bar No. 24086612
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
jthomason@lockelord.com

**Robert T. Mowrey**
Texas Bar No. 14607500
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 11th day of March, 2020, to the following:

**VIA FACSIMILE AND U.S. MAIL**
Ross A. Rodriguez
Law Office of Ross A. Rodriguez
325 S. Flores
San Antonio, Texas 78204
(210) 224-1240
(210) 227-5353 (Facsimile)
***Attorney for Plaintiff***

_____
Joel Thomason

82580208v.1 0105492/00740