IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IVAN SOLIS, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00294-FB-ESC |
| | § | |
| vs. | § | |
| | § | |
| WELLS FARGO BANK, N.A., AS | § | |
| MORTGAGE SERVICER FOR WELLS | § | |
| FARGO BANK, N.A.; AND W.A. | § | |
| MARTY LACOUTURE, AS | § | |
| SUBSTITUTE TRUSTEE; | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss and Motion for Sanctions [#3]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#6]. In reviewing Defendant Wells Fargo's motion to dismiss and motion for sanctions, the undersigned has also considered Plaintiff's Response to Defendant's Motion to Dismiss and Motion for Sanctions [#8] and Defendant's Reply in Support of its Motion to Dismiss and Motion for Sanctions [#9]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant Wells Fargo's Motion to Dismiss [#3] be **GRANTED** and this lawsuit be dismissed. Regarding Defendant's request for sanctions, the Court recommends the Motion [#3] be **GRANTED IN PART** and the Court award Defendant its attorney's fees and costs.

**I.  Procedural Background**

This case involves the attempted foreclosure of real property located at 9027 Timber Laurel, San Antonio, Texas 78250 ("the Property").   In August 2003, Plaintiff Ivan Solis ("Solis") executed a home equity loan ("the Loan") in the amount of $132,000 from World Savings Bank, FSB.  (Pl.'s Original Pet. [#1-1] at 2; Def.'s Motion to Dismiss [#3] at 3.)  As security for the Loan, Solis executed a Texas Equity Deed of Trust[1] securing repayment of the Loan with the Property.  (*Id*.)  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is the current mortgagee and mortgage servicer of the Loan and Deed of Trust. (*Id*.)

On March 2, 2020, Solis filed a complaint against Wells Fargo in the 57th Civil District Court of Bexar County, Texas, alleging that there are impediments to the sale and accounting relating to the amounts owed or reinstatement amounts due to the actions of Wells Fargo.  (Pl.'s Original Pet. [#1-1] at 2.)  Solis further alleges that he has not received notice for curing any delinquency or acceleration of payments as required by the Texas Property Code and that he requested a payoff with a list of payments but has not received one. (*Id*.)  On the basis of these allegations, Solis asserts a claim for breach of contract and seeks a Temporary Restraining Order ("TRO") and a temporary and permanent injunction preventing Wells Fargo from foreclosing on the Property.  (*Id.*)  On the same day the complaint was filed, Solis secured a TRO[2] in state court enjoining Wells Fargo from foreclosing or taking any action to foreclose on the Property.  (*Id.* at 8–9.)  The TRO also set Solis's application for a temporary injunction for a hearing on March

---

[1] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the Deed of Trust executed by Solis and Worlds Savings Bank, Wells Fargo's predecessor-in-interest, dated March 14, 2007.  The deed is a matter of public record and is available at: https://bexar.tx.publicsearch.us/results?department=RP&recordedDateRange=17530101%2C20200825&searchOcrText=false&searchType=quickSearch&searchValue=20070081245,             as document number 20070081245 (last visited November 6, 2020).

[2] The TRO is attached as part of Exhibit A to Defendant's Notice of Removal [#1].

16, 2020. (*Id.*) On March 11, 2020, prior to the scheduled temporary-injunction hearing, Wells Fargo removed the case. The TRO has since expired, *see* Tex. R. Civ. P. 680, and Solis has not filed a motion for a TRO or for preliminary injunction in this Court. To date, the parties do not allege there is a foreclosure sale currently scheduled and Solis has not indicated whether he is still in possession of the Property.

In its Notice of Removal, Wells Fargo alleges that the Court has diversity jurisdiction because Wells Fargo and Solis are citizens of different states, and the other named defendant, W.A. Marty LaCouture, Substitute Trustee, was improperly joined, so his citizenship should be disregarded. On the same day that Wells Fargo files its Notice of Removal, it filed the 12(b)(6) motion to dismiss and motion for sanctions [#3] that is the subject of this Report and Recommendation. Although Solis raises the issue of diversity jurisdiction in his response to Wells Fargo's motion to dismiss, albeit cursorily, he has not made any substantive argument regarding Wells Fargo's allegations of improper joinder and chose not to file a motion to remand.

## II.  Wells Fargo's Motion to Dismiss

The Court should grant Wells Fargo's motion to dismiss. Solis has only pleaded one cause of action in this lawsuit—breach of contract—although Solis also seeks injunctive relief. Solis fails to allege any specifics facts in support of his breach-of-contract claim. Because Solis fails to state any claim upon which relief can be granted, he is not entitled to the injunctive relief he seeks.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

### A.     Solis fails to plead a claim for breach of contract.

Wells Fargo seeks dismissal of Solis's breach-of-contract claim, arguing that Solis fails to allege any facts to support this cause of action. Solis's response to the motion does not defend his claim or respond substantively to the legal arguments raised in Wells Fargo's motion. Rather, in a one paragraph response to the motion, Solis argues that there was not diversity jurisdiction at the time of removal and then states that "a dismissal at the federal arena is not opposed." (Resp. [#8] at 1.) Wells Fargo is entitled to dismissal of Solis's Petition.

Under Texas law, the elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Grp.*, LLC, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. &*

*Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App—Houston [1st Dist.] 2001, no pet.)). In support of his breach-of-contract claim, Solis alleges that there are "impediments to the sale and accounting relating to the amounts owed or reinstatement amounts." (Pl.'s Original Pet. [#1-1] at 2.) Solis further alleges the impediments "can be those which would or should prevent foreclosure of the home" and that "[s]aid impediments can be a considered a breach of contract and result from the actions of" Wells Fargo. *Id*. These generic, conclusory factual allegations are insufficient to support Solis's claim. *See Chhim*, 836 F.3d at 469. Multiple judges in this courthouse have rejected nearly identical pleadings as insufficient to state a breach-of-contract claim. *See, e.g., Johnson v. Wells Fargo Bank, NA,* No. 5:16-CV-564-DAE, 2016 WL 6462291, at *2 (W.D. Tex. Nov. 1, 2016); *Villarreal et al v. Carrington Mortgage Services, LLC Representing Bank of America N.A. et al*, No. 5:18-CV-418-OLG-RBF, 2018 WL 6796092 (W.D. Tex. Nov. 5, 2018) (Docket #12).

Solis also claims that he has not received notice for curing any delinquency or acceleration of payments as required by the Texas Property Code and that he requested a payoff with a list of payments but has not received one. A claim for breach of a note and deed of trust must initially identify the specific provision in the contract that was allegedly breached to survive dismissal. *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 238 (5th Cir. 2014). Solis has failed to identify which provision of the Deed of Trust that Wells Fargo allegedly breached. Solis only generally alleges that "notice has not been received for curing any delinquency or acceleration of payments as required by the Texas Property Code." (Pl.'s Original Pet. [#1-1] at 2.)

Solis also alleges that he "requested a payoff with a list of payments and has not received one." (Pl's Original Pet. [#1-1] at 2.) However, Solis does not identify any explicit obligation or

provision in the Deed of Trust that requires Wells Fargo to provide him with notice or a payoff with a list of payments. Solis states that "the Texas Property Code" requires notice, without citing to any specific statutory provision, but does not plead how the alleged non-compliance with the Property Code constitutes a breach of Wells Fargo's contractual obligations to him. (*Id.*) In sum, Solis's generic, unspecific allegations do not provide sufficient detail to state a plausible breach of contract claim and put Wells Fargo on notice as to the nature of the claim.

**B.      Solis is not entitled to injunctive relief.**

In addition to requesting a TRO, Solis requests that the Court grant a temporary and permanent injunction preventing Wells Fargo from foreclosing on the Property until the issues and matters herein are resolved. A request for an injunction is a request for an "equitable remedy, not a cause of action." *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied). Insofar as Solis is still seeking injunctive relief (preliminary or permanent) based on his breach-of-contract claim, he is not entitled to this remedy. His breach-of-contract claim is facially defective; therefore, it follows that Solis cannot demonstrate a likelihood of success on the merits of this claim so as to warrant the issuance of any preliminary injunctive relief. *See Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192 (5th Cir. 2003) (setting forth elements of preliminary injunctive relief in federal court). Solis is not entitled to injunctive relief.

### III.  Wells Fargo's Motion for Sanctions

By this motion, Wells Fargo moves for sanctions against Solis and Solis's attorney, under Rule 13 of the Texas Rules of Civil Procedure and this Court's inherent power to sanction. Wells Fargo asks the Court to rule that this current lawsuit is groundless, filed for purposes of harassment and delay, and recycles a form-pleading commonly used by Solis's attorney. Wells

Fargo requests that it be awarded $2,500 for expenses and reasonable attorneys' fees incurred in defending this baseless lawsuit.  Wells Fargo also requests that Solis and his attorney be ordered to pay a monetary penalty to Volunteer Legal Services of Central Texas or similar organization designed to assist those without adequate resources.  Finally, Wells Fargo also requests that the Court enter a pre-filing injunction against Solis and his attorney specifying that neither Solis nor his attorney are permitted to file any new civil action against Wells Fargo unless they first file a motion requesting leave of court to do so and attach thereto a copy of its proposed complaint and a copy of this Court's order imposing the injunction.

Rule 11 of the Federal Rules of Civil Procedure provides for the imposition of sanctions.  Fed. R. Civ. P. 11(c).  Sanctions may be appropriate if the Court finds that a document has been presented for an improper purpose; if the claims presented are not warranted by existing law; or if the factual contentions at issue have no evidentiary support.  *Id.* at 11(b).  The Fifth Circuit has held that, following removal, a federal district court is authorized to consider the applicability of sanctions under Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practices and Remedies Code for the filing made in the Texas court.  *DTND Sierra Investments, L.L.C. v. CitiMortgage, Inc.*, 624 Fed. App'x 846, 848–849 (5th Cir. 2015) (quoting *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000)).  Rule 13 of the Texas Rules of Civil Procedure authorizes the court to impose sanctions against an attorney who files a groundless pleading brought in bad faith or brought for the purpose of harassment.  *See* Tex. R. Civ. P. 13.  Chapter 10 of the Texas Civil Practices and Remedies Code permits sanctions for signing frivolous pleadings or motions without reasonable injury into their propriety. *See* Tex. Civ. Prac. & Rem. Code § 10.001.

Wells Fargo informs the Court that this is the third lawsuit filed by Solis in the past year to prevent foreclosure of the Property.  After Solis's first lawsuit was removed to this Court, the

Court granted Wells Fargo's Motion to Dismiss on June 10, 2019. *See Solis v. Wells Fargo Bank, N.A.*, No. 5:19-cv-00376-OLG (W.D. Tex. June 10, 2019). Solis then filed a second lawsuit on November 27, 2019, only to nonsuit the lawsuit in state court a month later. *See Solis v. Wells Fargo Bank, N.A.*, No. 2019-CI-24433 (407th Dist. Ct., Bexar County, Tex. Nov. 27, 2019). Wells Fargo alleges that Solis chose to nonsuit when Wells Fargo informed Solis that it was going to remove the lawsuit to federal court. (Def.'s Motion to Dismiss [#3] at 1.)

Additionally, Solis's attorney, Ross Rodriguez, was recently admonished by this Court and threatened with sanctions for filing a similar form-pleading on behalf of different borrowers:

> As noted by Magistrate Judge Farrer, this is the third nearly identical lawsuit filed by Plaintiffs and commenced by the same attorney—Mr. Ross A. Rodriguez—to prevent foreclosure of property located at 8922 Mission Stream in San Antonio, Texas. Plaintiffs' repeated filings do not appear to be in good faith and are an unwarranted burden on this Court. Plaintiffs and their counsel are warned that filing future baseless lawsuits to prevent foreclosure on the property may result in sanctions. Such sanctions may include, but are not necessarily limited to, an award of costs and attorneys' fees to Defendant, entry of a pre-filing injunction, and suspension of Mr. Rodriguez from practicing in this District.

*See Villareal v. Carrington Mortg. Servs., LLC*, No. SA-18-CA-418-OG, 2018 WL 6796092, at *1 (W.D. Tex. Dec. 13, 2018). In *Villareal*, as in this case, the petition included generic, form pleadings that failed to state a claim. *Id*. The undersigned is concerned with the number of meritless cases filed by Solis in the past year to prevent foreclosure of the Property and the toll such litigation takes on the court system. Solis's repeated filings do not appear to be in good faith. The undersigned is even more concerned with the conduct of Solis's attorney, who was previously warned by this Court that filing future baseless lawsuits, such as this one, may result in sanctions.

For the foregoing reasons, the Court should grant the motion for sanctions to deter Solis and his attorney from continuing to file meritless lawsuits.  The undersigned recommends that this Court award costs and attorneys' fees to Wells Fargo.

As for Wells Fargo's request for a pre-filing injunction, "it is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002).  Even so, federal courts are constrained by the overarching principle of federalism and must be wary of infringing on legitimate exercises of state judicial power.  *Id.*  Thus, the undersigned recommends that Wells Fargo's request for a pre-suit injunction be denied.

### IV.  Conclusion and Recommendation

Having considered Wells Fargo's motion to dismiss and motion for sanctions, the responses and replies thereto, the record before the Court, and the governing law, the undersigned recommends that Defendant Wells Fargo's Motion to Dismiss and Motion for Sanctions [#3] be **GRANTED IN PART** as set forth herein.  This case should be dismissed, and the Court should issue sanctions against Solis in the form of Wells Fargo's attorney's fees and costs.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of November, 2020.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE